## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSLYVANIA

| | | |
|---|---|---|
| **DEBORAH REARICK,** | : | **CIVIL ACTION LAW** |
| **Plaintiff** | : | **NO._____** |
| | : | |
| **VS.** | : | |
| | : | |
| **THE PENNSYLVANIA STATE** | : | |
| **UNIVERSITY,** | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

## INTRODUCTORY STATEMENT

1.      This is a Title VII (42 USC §2000 (e)(5)) action brought by Deborah Rearick a Penn State University employee for retaliation. Deborah Rearick was severely abused by her employer numerous times simply because she sought to remedy sexual harassment by speaking out, complaining, and using legal process to remedy the violations of her rights. Deborah Rearick asserts retaliation under 2 right to sue letters on two cases which are described in detail below.

## JURISDICTION AND VENUE

2.      Original jurisdiction is conferred on this Court to hear the Title VII actions brought herein by 28 USC §1331 and 1343 (a)(3) and (4) and by the remedial statues Title VII (42 USC §2000 (e)(5) and 42 USC §1983.

3.    Supplemental jurisdiction is conferred by 28 USC §1367 (c).

4.    A jury trial is demanded.

5.    Venue is properly in Pennsylvania's Middle District because Centre County (State College) Pennsylvania is located within the Middle District jurisdiction. The University is located in Centre County, Pennsylvania.

6.    All witnesses and evidence are common to Centre County, Pennsylvania.

7.    The Pennsylvania State University employs in excess of 10,000 people and is a public employer.

8.    Plaintiff received a "right-to-sue" from the EEOC for charge number 17F-2012-62035 on July 11, 2013 (mailed on July 8, 2013). Therefore this action is timely filed. The related PHRC charge is 201200853.

9.    Plaintiff received a "right-to-sue" from the EEOC for charge number 17F-2012-60337 on August 1, 2013 (mailed on July 29, 2013). Therefore this action is timely filed. The related PHRC charge is 201102645.

## OPERATIVE FACTS

10.    Title VII retaliation case #17F-2012-62035 and related PHRC case 2012-00853 shall hereinafter be known as "035".

11.    Title VII retaliation case #17F-2012-60337 and associated PHRC case 201102645 shall hereinafter be known as "337".

12.     Collectively they shall be known hereinafter as the "cases".

13.     Prior to filing the "cases" plaintiff had filed a number of federal claims and a number of PHRC/EEOC actions.

14.     Plaintiff had complained to her superiors on numerous occasions about sexual harassment in return for which she was harassed on the job and denied employment opportunities, demeaned in front of her colleagues and almost endlessly threatened merely because she spoke out.

15.     Federals Courts used the _Garcetti_ methodology to dismiss her petition even as the Sandusky Debacle unfolded.

16.     She was forced to negotiate with Wendell Courtney a PSU Attorney who as early as 1998 knew of Sandusky's abuses even as the rest of the school was covering up nearly every other sexual harassment complaint (such as Rearick). PSU turned their heads refused to permit her discovery and even the right to amend an earlier complaint (Judge Kane).

17.     Upon information and belief the law firm of McQuaide Blasko and attorney Wendell Courtney (a McQuaide Blasko employers at the time) were discharged by PSU because of their involvement in covering up misconduct.

18.     During this same period, even the Middle District Courts were systematically dismissing all of her claims.

19.    The circumstances surrounding the "cases" and the legal experiences of Deborah Rearick are in need of investigation, if, for no other reason, to explain why, time after time, insults, the deprivation of opportunities, and harassment results every time she petitioned for recourse.

20.    Rearick's filing of Title VII actions brought on numerous retaliatory actions for which she filed the cases.

21.    Rearick is entitled to discovery having been denied discovery in the past.

22.    The PHRC has, as a part of the same administration that influences the running of Penn State, been part of the problem with acknowledging the self evident presence of retaliation.

23.    Upon information and belief the PHRC has assisted by mal-fearance and non-feasance the confidence that PSU supervisors have had in their freedom to retaliate against Rearick for filing previous PHRC/Title VII claims.

Wherefore plaintiff demands judgment of the defendant Penn State University for the violation of her right to be free of retaliation for seeking the use of anti-discrimination Title VII laws for which she filed these "cases", with damages for pain and suffering, humiliation and embarrassment, fees, costs, attorneys fees, and such other relief that may be deemed appropriate.

Respectfully Submitted,

By:     /s/Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
717.221.9500
717.221.9400 Fax
attorneydonbailey@gmail.com

October 7, 2013