## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                        :
DEBORAH REARICK,                        :
                                        :
                                        :
                    Plaintiff           :
                                        :
          v.                            :
                                        :
THE PENNSYLVANIA STATE          :
UNIVERSITY,                     :       JURY TRIAL DEMANDED
                    Defendant   :
_____:

### Motion to Withdraw as Counsel

Andrew W. Barbin, counsel of record for Plaintiff, after due notice to Plaintiff Deborah Rearick files this Motion to Withdraw as Counsel, and alleges upon personal knowledge, information, and belief, as follows:

1.      Plaintiff, Deborah Rearick (hereinafter "Rearick" or "Plaintiff"), is an adult female Pennsylvania citizen residing at 3796 Powells Road, Petersburg, Pa 16669.

2.      Defendant, the Pennsylvania State University (hereinafter "PSU" or "Defendant"), is a Commonwealth funded institution of higher education whose employment actions are at issue in this matter.

3.      Prior counsel, Mr. Bailey, filed a timely Complaint in this matter; however, the Complaint did not list the conduct alleged in the administrative

proceedings or outline the context in which that conduct arose; but instead included inflammatory extraneous matter which Plaintiff had not approved or pled administratively.

4.     Mr. Bailey neglected the case and failed to respond to pending discovery.

5.     Mr. Bailey was the subject of disbarment proceedings at the time of the neglect.

6.     Plaintiff's viable underlying case as plead by her in administrative proceedings (though nominally represented by Mr. Bailey, but without his assistance) was effectively orphaned.

7.     After being referred more than one of the Bailey litigation refugees and performing triage services to determine whether and by whom they could best be assisted, undersigned agreed entered into a written Memorandum of Understanding with Plaintiff under which undersigned agreed to review the matter and determine if there were legitimate, non-frivolous claims which had not been fatally compromised by acts or omissions of prior counsel.

8.     Plaintiff was not aware of the outstanding discovery or the pending recommendation of the Master regarding the pending Motion to Dismiss.

9.     While the apparent issues were time critical, there also appeared to be legitimate claims which could and should be asserted by Amended Complaint.

10.     Undersigned agreed to expand the scope of initial services and entered an appearance in this matter without additional fee seeking leave to assess and determine whether a proper Amended Complaint regarding the claims Plaintiff had actually pled in the administrative proceedings could and should be pled.

11.     This Court granted leave to undersigned counsel to file an Amended Complaint, *if any*, on or before May 30, 2014.

12.     Undersigned made an independent review of all available materials and concluded that the Amended Complaint was warranted in fact and law.

13.     Plaintiff reviewed and approved each word of the Amended Complaint and verified all facts contained therein.

14.     An Answer was filed and the case proceeded to the discovery phase.

15.     No fact has been discovered by undersigned to date which would in any way alter undersigned's conclusion that the Amended Complaint was appropriate to be filed and that legitimate causes of action were asserted.

16.     However, the original legal services Memorandum of Understanding signed by Plaintiff did not contemplate services beyond triage review regarding whether and under what terms continuation of the pending action or pursuit of an action against prior counsel would be appropriate.

17.     Because of the exigencies discovered regarding outstanding deadlines and the deficiencies in the representation of prior counsel, undersigned voluntarily provided the continued services on a *pro bono* basis.

18.     While it was anticipated that the Parties would agree on a legal services agreement as to this case going forward, no agreement has been reached.

19.     Notwithstanding the absence of an agreement, undersigned continued active representation until an unrelated impasse regarding representation arose.

20.     Plaintiff and counsel have reached irreconcilable differences as to essential aspects of on-going representation unrelated to fees.

21.     Any more detailed explanation would involve disclosure of sensitive privileged communications, unrelated to the merits of the case, which could only be disclosed ethically through an *in camera* process.

22.     Unrelated to any financial aspect of relations with counsel, there exists an irretrievable break down in the attorney client relationship.

23.     Undersigned made multiple efforts to address, allay and resolve any and all reasonable concerns in multiple communications with Plaintiff, without success.

24.     Plaintiff elected to retrieve all files from undersigned's office, and has indicated an intent to secure alternate counsel; but has not secured new counsel as of this date.

25.     Undersigned is without actual authority to proceed, and undersigned believes that withdrawal is ethically required under the present circumstances.

26.     Undersigned has communicated to Plaintiff the necessity of promptly securing successor counsel and/or taking steps to represent herself *pro se*.

27.     Defendant does not object to this Motion, but has expressed concern that it not delay disposition of this matter.

28.     Plaintiff does not object to the Motion, but has expressed concern that she be have time to secure new counsel.

29.     Undersigned represents that based on review of the file, any delay prior to the appearance of undersigned as counsel appears to have been solely or predominately attributable to prior counsel, rather than Plaintiff.

30.     Undersign also notes that additional delay was occasioned by the fact that the file returned by Mr. Bailey contained a small fraction of the files which Plaintiff recalls providing to Mr. Bailey, and that the files produced appear objectively incomplete in relation to the docket and related sources.

31.     Finally, undersigned notes that despite other irreconcilable differences, Plaintiff has participated in an active and timely manner and Plaintiff has in no sense delayed, nor has she been uncooperative in the prosecution of the matter as to the time undersigned has been involved.

32.     Discovery is currently scheduled to close June 20, 2015.

33.     The balance of the respective legitimate interest of both Plaintiff and Defendant is a matter for the discretion of the Court and undersigned is not in a position to comment on either concern further.

34.     Undersigned has cooperated in transition with Plaintiff, and will co-operate in transition to a new counsel if one enters an appearance as required by the applicable ethics rules with or without payment by Plaintiff.

**Wherefore**, Undersigned seeks Leave to Withdraw as Counsel.

**Respectfully submitted,**

/s/ Andrew W. Barbin

Andrew W. Barbin, Esquire
Atty. I.D. #43571
**ANDREW W. BARBIN, P.C.**
5 Kacey Court, Suite 102
Mechanicsburg, PA  17055
(717) 506-4670

Attorney for Plaintiff

DATED:     April 21, 2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
:
DEBORAH REARICK,                              :
:
                          Plaintiff      :
:
                 v.                      :
:
THE PENNSYLVANIA STATE                        :                JURY TRIAL DEMANDED
UNIVERSITY,                              :
                          Defendant   :
_____      :

### CERTIFICATE OF SERVICE

I, Andrew W. Barbin, Esquire, hereby certify that I am this day serving a copy

of the foregoing document upon the person(s) and in the manner indicated below,

which service satisfies the requirements of the Pennsylvania Rules of Civil

Procedure, by depositing a copy of the same in the United States Mail,

Mechanicsburg, Pennsylvania, with first-class postage prepaid, by email and via

ECF, as follows:

James M. Horne, Esquire                 Via Email
Philip K. Miles, III, Esquire           Deborah Rearick
McQuaide Blasko, Inc.                   3796 Powells Road,
811 University Drive                    Petersburg, Pa 16669
State College, PA  16801


                                        /s/ Andrew W. Barbin
                                        Andrew W. Barbin, Esquire

DATED:      April 21, 2015