IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH REARICK, | Case No. 4:13-cv-02520 |
| | Judge: Matthew W. Brann |
| Plaintiff | Mag. Judge Joseph F. Saporito |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, | JURY TRIAL DEMANDED |
| Defendant | |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## WITH REQUEST FOR SANCTIONS

Plaintiff Deborah Rearick ("Plaintiff" or "Rearick"), by and through counsel, Andrew W. Barbin, P.C., hereby moves this Honorable Court for entry of an Order to compel Plaintiff's former counsel, Don Bailey ("Mr. Bailey"), to provide his full and complete file related to Plaintiff or the above referenced action, within ten (10) days, together with monetary sanctions related to the reasonable expense of the process to compel and the expense of replacing the portion of the file not properly maintained and/or produced; and in support thereof avers as follows:

1.  Plaintiff, Deborah Rearick (hereinafter "Rearick" or "Plaintiff"), is an adult female Pennsylvania citizen residing at 3796 Powells Road, Petersburg, Pa 16669.

2. Defendant, the Pennsylvania State University (hereinafter "PSU" or "Defendant"), is a Commonwealth funded institution of higher education whose employment actions are at issue in this matter.

3. Prior counsel, Mr. Bailey, filed a timely Complaint in this matter; however, the Complaint did not list the conduct alleged in the administrative proceedings or outline the context in which that conduct arose; but instead included inflammatory extraneous matter which Plaintiff had not approved or pled administratively.

4. Mr. Bailey neglected the case and failed to respond to pending discovery.

5. Mr. Bailey was the subject of disbarment proceedings at the time of the neglect.

6. Plaintiff's viable underlying case as plead by her in administrative proceedings (though nominally represented by Mr. Bailey, but without his assistance) was effectively orphaned.

7. Because of the disbarment proceedings and the prior neglect of Mr. Bailey, Plaintiff sought undersigned's assistance in moving the matter forward.

8. Undersigned contacted Mr. Bailey to inform him that he would be entering an appearance in the matter and requested that Mr. Bailey transfer all files to undersigned.

9. Initially, Mr. Bailey refused to produce the file and informed undersigned that he would require a bonding service to complete the transfer of files.

10. Mr. Bailey then recanted on the bond requirement and offered to provide Plaintiff's files to undersigned.

11. A copy of Mr. Bailey's May 7, 2014 letter and related emails are attached hereto.

12. The letter confirms representation in a series of prior matters which are inexorably intertwined with this matter including administrative and federal matters.

13. Mr. Bailey claimed that he was entitled to withhold documents as a lien for uncompensated services, that the standard for a duty to produce to prevent prejudice was "an evolving" standard; but that he was producing his files any way.

14. Undersigned received documents from Mr. Bailey's office regarding the above referenced matter.

15. The documents produced by Mr. Bailey were materially incomplete as to this matter and included few if any of the documents from the related cases despite his communication that all files would be produced.

16. His email of May 7, 2014 stated he did not keep pleadings but Deb Rearick had been sent copies and that he did not keep PHRC documents but they could be acquired from the Commission.

17. The documents were scanned to pdf files as received on May 28, 2014.

18. The documents were bates numbered this date by undersigned counsel and totaled only 88 pages including the scanned folders in which the documents were produced.

19. Plaintiff has consistently represented to undersigned that Plaintiff provided Mr. Bailey a voluminous number of documents.

20. The files produced did not contain complete pleadings or a complete administrative file.

21. It contained little if any evidence of any attorney work product type documents research or segregated intended exhibit files.

22. The file contained discovery propounded by Defendant in January 2014 but no indication of any work product transmittal or draft responses.

23. The file contained a letter to the PHRC requesting a copy of any PHRC records produced to Defendant in response to the subpoena of the Defendant, but no evidence of such documents or any follow up.

24. Although the May 6, 2014 letter indicated that Mr. Bailey had not left Plaintiff to prepare her own PHRC Complaint, the file contained no records indicating any drafting or involvement of Mr. Bailey in that process.

25. Plaintiff had retained copies of some but not all documents supplied to Mr. Bailey.

26. Plaintiff produced voluminous material to undersigned counsel of which undersigned counsel scanned a voluminous portion with an exponentially greater number of documents.

27. From the documents provided by Plaintiff, it is apparent that there were voluminous additional related documents which should have been contained and retained in the client file of Mr. Bailey

28. The file produced by Mr. Bailey was materially incomplete.

29. Attempts to communicate with Mr. Bailey thereafter were unsuccessful.

30. Because of the hostility Mr. Bailey expressed toward counsel and the solicitude expressed toward Plaintiff, Plaintiff contacted Mr. Bailey to request her full and complete file, but she has not received any supplementation of the original production.

31. The content of the letter sent by Mr. Bailey was intended to pollute the relations of plaintiff with successor counsel in order to evade responsibility to produce a complete file which might confirm other potential liabilities of Mr. Bailey as to Plaintiff and/or the Court.

32. The conduct of Mr. Bailey vexatious and dilatory, and is in violation of duties owed to the Court and to his client in the process of substitution and withdrawal as counsel.

33. By failing to maintain and produce a reasonably complete administrative and litigation file, Mr. Bailey has caused a need to duplicate services and rendered Plaintiff and counsel unable to provide timely and complete responses to the discovery which Mr. Bailey had ignored from its issuance in January 2014 through his termination.

34. Don Bailey's inexcusable failure to provide Plaintiff and/or successor counsel with her full and complete file in the above referenced matter reflects Mr. Bailey's utter lack of respect for the Court, the profession, and the Rules of Professional Conduct.

35. The conduct is a continuation of a continued pattern and practice of general contempt and requires imposition of sanctions to vindicate the interests of plaintiff, Defendant and justice in general.

36. An Order compelling production of documents, requiring certification by Mr. Bailey of disposition of any documents generated or received in relation to Plaintiff and/or this matter, but not delivered to successor counsel and payment of reasonable expense of acquisition of copies of those documents which are available from defendant which should have been retained and produced by Mr. Bailey but were not and must be reacquired from Defendant is the minimum requisite sanction to vindicate these interests.

37. Plaintiff has and will incur expense in reconstruction of a usable file and will incur expense in having to pay new counsel to reconstruct any and all necessary work product.

38. Mr. Bailey should pay Plaintiff through plaintiff's counsel the sum of $2,000 as the reasonable expense of recreating a useable file by gleaning relevant materials from the more voluminous copies of materials within Plaintiff's possession and control.

39. Part of the expense of the gleaning arises from the conduct of Mr. Bailey which injected irrelevant collateral issues in to the proceedings reflected in the prior Complaint regarding which a Recommendation to Dismiss was made which failed to raise the issues preserved in administrative proceedings and instead raised issues which were not part of the administrative claim, not properly before the Court and otherwise not relevant to the actual claims of Plaintiff.

40. Continuation of the misdirection of plaintiff by prior counsel is reflected in the May 6, 2014 letter which again attempted to inject the Sandusky matter in this wholly distinct matter.

41. This misdirection resulted in Plaintiff intermingling large quantities of irrelevant and marginally relevant material in with the plainly relevant but equally plainly incomplete materials necessary for prosecution of the claim and appropriate response to reasonable discovery requests.

42. Undersigned attributes a minimum of $2,000.00 of the attorney's fees paid by Plaintiff to undersigned for the expense of gleaning a workable file and necessary information from Plaintiff and Plaintiff's materials, which would not be necessary and should not have been necessary if Mr. Bailey had maintained even a minimum requisite litigation file and provided it to successor counsel.

43. Upon payment by Mr. Bailey, undersigned would rebate to Plaintiff those fees in full.

44. In order to mitigate delay burdens to Defendant and to the interests of justice generally; Defendant will incur administrative expense in producing to Counsel for Plaintiff those portions of Defendant's file which contain the unprivileged documents from this preceding, the administrative proceeding related to this matter and the prior administrative and civil proceedings related to this matter and concerning these parties (including correspondence), which Mr. Bailey should have maintained and delivered as the minimum requisite of a proper client file; and therefore, Mr. Bailey should pay the reasonable expense of such a document production by Defendant to Counsel for Plaintiff at a rate of 10 cents, whether produced by Defendant in pdf format or by paper copy.

45. Following receipt of any supplemental production by Mr. Bailey, counsel shall have the documents scanned and a pdf and paper copy or originals forwarded to Plaintiff to ensure that plaintiff has a complete file.

46. Undersigned is also providing Plaintiff with an electronic copy by thumb drive of all documents scanned by undersigned from the voluminous records Plaintiff previously produced to undersigned to ensure that Plaintiff will have a complete set of all available documents and the benefit of the work product of counsel in gleaning the potentially relevant form that less so.

**WHEREFORE**, Plaintiff Deborah Rearick respectfully requests this Honorable Court enter into the attached Order compelling Don Bailey to produce Plaintiff's full and complete file in the above referenced matter together with proportionate monetary sanctions to defray the cost of mitigating the failure of counsel to maintain and deliver to plaintiff a minimally adequate file upon termination of services, together with such other relief as the Court may deem just.

          **Respectfully submitted,**

          /s/ Andrew W. Barbin
          Andrew W. Barbin, Esquire
          Atty. I.D. #43571
          **ANDREW W. BARBIN, P.C.**
          5 Kacey Court, Suite 102
          Mechanicsburg, PA 17055
          (717) 506-4670

          Attorney for Plaintiff

DATED: May 20, 2015

**Andrew W. Barbin**

| | |
|---|---|
| **From:** | don bailey <attorneydonbailey@gmail.com> |
| **Sent:** | Tuesday, May 6, 2014 8:46 AM |
| **To:** | Andrew W. Barbin |
| **Cc:** | jarearick@verizon.net |
| **Subject:** | Re: Rearick |
| **Attachments:** | Rearick to Barbin file transfer.pdf |

Please see attached. Also Deb a copy will be sent via First Class Mail. I see you changed your email address again. Thank you.

On Thu, May 1, 2014 at 3:03 PM, Andrew W. Barbin <Andrewbarbin@aol.com> wrote:

This confirms that I have informed you that I am authorized on behalf of Deborah Rearick to inform you that your services are terminated, and that we request your withdrawal of appearance in the pending federal action upon receipt of my entry which you should receive today or early tomorrow at the latest.

You agreed to expedite collection of the file. I indicated we would pick up, pdf as received and provide you with a thumb drive containing the image files.

I also indicated that I became aware of the April 25 order this date and have reasonable assurance that substitution of counsel will be deemed extraordinary and sufficient cause for a further extension of time for the Amended Complaint.

You mentioned the existence of a fee agreement. I am aware of the agreement. Release of the file is without prejudice to any lien you may wish to assert as to eventual proceeds. Under the present circumstances the fee aspect is not my top priority.

Andrew W. Barbin

1

Don Bailey
Attorney at Law
4015 N. 2nd Street
Harrisburg, PA 17110
717.221.9500
717.221.9400 Fax

May 6, 2014

<u>Via Email & Hard Copy</u>

Dear Mr. Barbin,

    I have put together, or more correctly, I am putting together, the documents for Deborah Rearick's case file (4:13-cv-2520). I have depositions today and as soon as they are completed I will return from the deposition site and should be able to complete the record collection no later than noon tomorrow May 7, 2014. Because, after I saw what you communicated to the court and opposing counsel, I felt I was unable to trust you, I had told your secretary that I was requiring you to use a bonding service to accomplish the transfer. However, I don't feel that's necessary since I intend to reproduce what I have and distribute it directly from my office to yours. This saves time and costs, since you must respond to the court by May 30, 2014 and consequently will cause the least amount of prejudice to Deborah. I wish to stress that Deborah owes me a significant amount of money. She is fully aware of this and we have discussed it a number of times. She has always promised to pay but never has. Because of the hardships she has endured I have always carried her forward as a client. I have represented her on at least three cases and have done a great deal of appeal work for her. I will send additional information including docket entries etc. Her entire saga is well documented and she has suffered grossly unjust treatment both by her employer and by her employer's supervisors in our court system.

    I inherited Deb's case and became aware of the incredible mistreatment at the University including at the hands of some of the University's lawyers. Politics has always played a primary role in the University's escape from responsibility just as it is at the current time. Some of the defendants that I successfully sued included not only the University but also certain of their lawyers. I would assume that part of the rancor towards me was because I did significantly better than the average plaintiff in a Sandusky matter. Deb has even been denied discovery earlier, by one of our federal courts, which, had it been permitted would have disclosed the

1

Sandusky horror earlier. The court decisions as they have affected her rights have been examined by a number of others who concur in my opinion as to the justice she has received from our "system".

You were also recommended to her by Bob Jubelirer. He would never have done so if he were not dead certain that such a recommendation would not be harmful or to the advantage of Penn State. I've known Bob for 20 years. He is an outstanding public servant and a brilliant politician. I am also aware of his unsuccessful campaign to sit on the Penn State Board of Trustees last year and the allegedly permanent seat he has in the press box at the stadium where he and his wife (a lovely lady and fine judge) enjoy watching Penn State football. So your ad hominem attack did not come as a surprise although you and I have talked politics before. I'm fully aware of your Republican connections along with Jubelirer's Penn State and Republican connections and have very serious concerns as to possible conflicts. Quite frankly I do not believe they are in Deb's interest since much of her injury has been at the hands of Penn State lawyers in my opinion. She and I have discussed these matters extensively prior to her termination of my services. Of additional concern to me is that she went down and talked with you and has already brought you her documents (supposedly all of her documents) and signed a fee agreement with you but never informed me. I do not imply however that she is not within her rights. Most certainly she is entitled to the attorney of her choice. But I do want you to know that I do not have any original documents of hers. Any documents that did not originate with Deborah she has been provided copies of. She has also been given copies of all pleadings sometimes two or three times. Deborah constantly believes that things are going on of which she is not aware. If that is so her fears are not justified as regards me and my office. Incidentally it is my standard policy not to accept original documents unless absolutely necessary.

As to our conversation yesterday afternoon you are not (were not) correct. The law does permit me to withhold a file for lien reasons but the file should not be withheld if it seriously prejudices a client's case. This continues to be an evolving standard . Regardless, I fear Deborah might be prejudiced here because of the May 30 deadline and have little doubt that she does not have the ability to pay me anywhere near the total amount of money she owes me. I certainly agree with not just the letter, but with the morality of these standards. I've always held the view that I had a duty and responsibility to respect the rights of someone who put time and effort into a case that were dismissed by their client. Your obvious refusal to respond in that fashion to me raised a red flag. However I'm used to red flags.

2

Just to straighten out the misinformation you provided to the court in the unnecessary and counterproductive ad hominem attack you made upon me and to add a few relevant points: 1. I at no time asked Deborah to do her own complaint. That is positively absurd and Deborah knows that. Quite honestly she is not capable of performing a task like that and I have never at any time ever asked a client to write their own complaint. I did ask her to scour her memory and any documents she may have seeking any additional scraps of information on adverse employment actions and or, retaliation., 2. Yes I have had serious health problems and am considered, I believe, 80% disabled by the Veterans Administration., 3. Deborah has been made aware of my health problems and I've also regularly made her aware of the travails with my professional licensure as is, I believe, my responsibility. I have done this with all of my clients. I have absolutely no respect for what has been done to me but you and I discussed this system generally a while ago when you complained to me about how Judge Rambo mis-treated you., 4. At no time did I fail to communicate with Deborah although she has phone problems (something to do with the mountains) and she has changed her email address from time to time without telling me. 5. Yes, Mr. Bailey has not always followed Ms. Rearick's recommendations and "instructions" which despite repeated and recurrent explanations included adding persons not relevant to the litigation as defendants and adding persons who had been dismissed in prior actions., and adding matters which were not relevant to the litigation. If the inference is to the R&R and this court's orders Mr. Bailey respectfully disagrees. At all costs for Penn State University political containment is essential to case management. Nothing will change the reality that this is a problem in dealing with the state of Pennsylvania and it's great University.

Magistrate Blewitt is someone for whom Mr. Bailey has the greatest respect and affection but respectfully disagrees with recommendations of the R&R. Therefore the allegations in the complaint were directly relevant to the retaliation. I have never seen any employer continue, with outright impunity, to retaliate and violate the rights of an employee as the defendants in this case have violated Deborah's rights. This simply does not occur unless the employer and it's leaders feel secure in perpetuating their abuse. But that's water over the dam. And all of course before discovery began. Incidentally there hasn't been a case management conference yet.

Consequently I am going to provide a copy by close of business on Wednesday May 7, at the latest, of Deborah's files and at no cost to you or Deborah. I do request that you preserve my fees and I will, as soon as I can get to it, provide you with my rationale as to why I am so entitled. Good luck.

Sincerely,

Don Bailey

DAB:alb
CC: Deborah Rearick
    Ethics Counsel

4

# Andrew W. Barbin

**From:** Andrew W. Barbin <andrewbarbin@aol.com>
**Sent:** Tuesday, May 6, 2014 5:11 PM
**To:** 'don bailey'
**Subject:** RE: Rearick

Mr. Bailey,

My communications were accurate. Your duties are plate glass clear.

The prior Complaint you filed was found to have been materially deficient.

The file is required immediately to meet the deadline imposed by the extension I secured.

I feel no need or inclination to respond to your other fulminations.

It is the client's file. Assertion of a retaining lien in a contingent matter as to the file is absurd.

I expect the complete file without reservation or delay.

If you want it picked up, call; if you wish to have it delivered that is fine as well.

I am sorry you were offended by my Motion.

I was a gentle as I thought possible.

As it was, you went from an impossible deadline, to a full reprieve.

As a thank-you does not appear forthcoming; I see no point in further discussion.

Andrew W. Barbin


**From:** don bailey [mailto:attorneydonbailey@gmail.com]
**Sent:** Tuesday, May 6, 2014 8:46 AM
**To:** Andrew W. Barbin
**Cc:** jarearick@verizon.net
**Subject:** Re: Rearick

Please see attached. Also Deb a copy will be sent via First Class Mail. I see you changed your email address again. Thank you.

On Thu, May 1, 2014 at 3:03 PM, Andrew W. Barbin <Andrewbarbin@aol.com> wrote:

1

This confirms that I have informed you that I am authorized on behalf of Deborah Rearick to inform you that your services are terminated, and that we request your withdrawal of appearance in the pending federal action upon receipt of my entry which you should receive today or early tomorrow at the latest.

You agreed to expedite collection of the file. I indicated we would pick up, pdf as received and provide you with a thumb drive containing the image files.

I also indicated that I became aware of the April 25 order this date and have reasonable assurance that substitution of counsel will be deemed extraordinary and sufficient cause for a further extension of time for the Amended Complaint.

You mentioned the existence of a fee agreement. I am aware of the agreement. Release of the file is without prejudice to any lien you may wish to assert as to eventual proceeds. Under the present circumstances the fee aspect is not my top priority.

Andrew W. Barbin

## Andrew W. Barbin

**From:** don bailey <attorneydonbailey@gmail.com>
**Sent:** Wednesday, May 7, 2014 4:53 PM
**To:** Andrew Barbin
**Cc:** jarearick@verizon.net
**Subject:** Deborah Rearick file

Dear Andrew, I have put the file together for you. I do not keep hard copies of pleadings by Deborah has been sent everything and of course you can peruse PACER. I always rely on them when I need to do an appeal etc. it is my intention to have Adrienne convert the file (scan it in) and email it to you. I also have a hard copy for you if you want to pick it up at my home (4105 N. 2nd St. Harrisburg PA 17110) at a mutually convenient time. I have changed plans for the evening and plan to be here through 8 o'clock for your convenience. There is no cost to you or Deborah. Additionally I do not have any original PHRC documents but again they can be picked up directly at the Commission, or Deborah certainly has copies of anything you need and she told me that she had already provided her files to you. There are a couple unique things in that regard but I have already put them in your file and besides it's all I had. Once more I am asking you to preserve my rights i.e, my fees and I will follow up on that for you. Please email me at attorneydonbailey@Gmail.com, and send a copy to Adriennemamma6@aol.com.. Good luck and God bless. You and Deborah

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH REARICK, | Case No. 4:13-cv-02520 |
| | Judge: Matthew W. Brann |
| Plaintiff | Mag. Judge Joseph F. Saporito |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, | JURY TRIAL DEMANDED |
| Defendant | |

**CERTIFICATE OF SERVICE**

I, Andrew W. Barbin, Esquire, hereby certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by depositing a copy of the same in the United States Mail, Mechanicsburg, Pennsylvania, with first-class postage prepaid and via ECF, as follows:

>James M. Horne, Esquire
>Philip K. Miles, III, Esquire
>McQuaide Blasko, Inc.
>811 University Drive
>State College, PA  16801
>
>Deborah Rearick (via email)

>/s/ Andrew W. Barbin
>Andrew W. Barbin, Esquire

DATED:    May 20, 2015