US District Court Middle District Of Pennsylvania

Deborah Rearick

4:13-cv-02520

v

Pennsylvania State University

Hon. Matthew W Brann

Hon. Joseph F Saporito

## LETTER BRIEF

(Response of Plaintiff's Former Counsel, Don Bailey, to Attorney Barbin's "Motion to Compel Production of Documents with Request for Sanctions")

### Introductory Statement

Plaintiff's current counsel, Andrew W. Barbin (hereinafter "Barbin") filed his subject motion on May 20, 2015 (document 37). Mr. Bailey was mailed a copy by Mr. Barbin on May 21, 2015. Mr. Barbin <u>did not</u> file any brief with his motion, contemporaneously or since, nor did he attach or include a copy of this Court's May 4, 2015 Order in his mailings to Mr. Bailey. Mr. Bailey learned of that Order on June 1, 2015. There is no certificate of concurrence or non-concurrence, indicating Mr. Barbin did not review the motion substantively, as required by Local Rules, with defendant's counsel, Mr. Horne. Mr. Barbin waited 17 days after the teleconference to send a copy of his motion to Mr. Bailey and he did not, at any time, contact, or attempt to contact, Mr. Bailey before filing his motion in obvious,

1

and intentional, disregard of this court's apparent instructions or understanding.

Thus Mr. Barbin's motion may be quite disingenuous. At the very least it is composed almost entirely of a litany of scandalous and impertinent matters that are neither material nor relevant to the purported purpose of the brief. Mr. Barbin put his energy and time into attacking Mr. Bailey personally, for unknown reasons.

However this misconduct is hardly serving the interests of his (former?) client. Mr. Bailey has not been disbarred incidentally, although he has been suspended from the practice of law for five years. Mr. Barbin's lack of due diligence and false information to this court may be telling.

Succinctly put, to address directly his motion, Mr. Barbin was given everything in the aforementioned file over a year ago. There is nothing more to give him. Without any complaining at all he composed responses to Judge Blewitt's R&R and composed a detailed, multi-paragraphed amended complaint (Document 23), on May 30, 2014. This is more than three weeks after Mr. Bailey was out of the case and Mr. Barbin entered his appearance for plaintiff. How could he possibly have done this if he lacked information? In Document 37 Mr. Barbin includes a few emails but most important includes Mr. Bailey's correspondence to him of May 6, 2014 (over a year ago). <u>If memory serves, until receiving the subject motion on or about the third week of May, 2015, Mr. Bailey has received absolutely no communication from Mr. Barbin and Mr. Barbin has made no effort,</u>

2

either through the Court, or in any other manner or way, to contact Mr. Bailey. He has complained about absolutely nothing until apparently caught in some sort of dilemma regarding this case. It is obvious that Mr. Barbin is attempting to create an excuse. It is equally obvious that none exists.

Prior to May 6, 2014 Mr. Bailey communicated with Mr. Barbin and his office a number of times, going to considerable trouble to accommodate him. Mr. Bailey sat and waited in his home until after 8 PM on May 7, 2014 for Mr. Barbin to review personally the hard copies that were delivered to him at his office by Mr. Bailey and Mr. Bailey offered to converse with him and answer any questions he had. He never showed up.

Added to this is the reality that even a cursory review of the docket entries in this case indicate that Mr. Bailey filed the complaint on October 7, 2013. Motion practice followed and Judge Blewitt's R&R was adopted by the Trial Court on April 25, 2014. After presumably doing the necessary and proper homework Mr. Barbin entered his appearance on May 2, 2014. That was the same day that Mr. Bailey, in cooperative agreement, agreed to withdraw. Mr. Bailey delivered the file, which was obviously relatively new and skimpy, and Mr. Barbin composed the highly detailed amended complaint referred to above on May 30, 2014. He filed no objections to the R&R.

Mr. Bailey was not asked to participate, by either the court, or by any party in the telephonic conference which took place on May 4, 2015. Neither was he contacted afterwards by Mr. Barbin until he received the abortive motion (document 37) which was filed over two weeks later on May 20 2015. The motion was sent out to Mr. Bailey, by Mr. Barbin, on May 21, 2015. He made no effort to resolve anything because he already knew the answer. Had Mr. Bailey been a party to the conference he would have explained that Mr. Barbin's complaints are vacuous.

Of probative import it is admitted that Mr. Bailey has been extremely ill having suffered through four operations including a heart attack and a partial amputation of his right foot due to service-connected injuries and probably would not have been able to participate anyway. It is also true that he has not been in his office for almost a year. Last, this Letter Brief has been very difficult to get completed because Mr. Bailey can hardly walk and cannot sit up to work. Had it not been for the help of his wife he would not have been able to respond. There was no case management schedule in this case before Mr. Bailey left the case and there was no discovery which occurred while he was in the case. Mr. Horne can confirm that fact. Regardless, Mr. Bailey has nothing to give Mr. Barbin and so represents to the court.

Wherefore Mr. Barbin's motion should be dismissed as scandalous and impertinent in any event and as illogical and disingenuous in any other.

Respectfully submitted

*[signature]*
Don Bailey Pro Se

# CERTIFICATE OF SERVICE

I, Don Bailey hereby state that on this 5th[t] day of June 2015 I served the following Document upon counsel of record:

By:             Respectfully submitted,

Don Bailey
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500

14