## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DEBORAH REARICK, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE PENNSYLVANIA STATE | : | |
| UNIVERSITY, | : | JURY TRIAL DEMANDED |
| Defendant | : | |
| | : | |

### SECOND MOTION TO WITHDRAW AS COUNSEL

Andrew W. Barbin, counsel of record for Plaintiff, after due notice to Plaintiff Deborah Rearick files this Motion to Withdraw as Counsel, and alleges upon personal knowledge, information, and belief, as follows:

1.      Plaintiff, Deborah Rearick (hereinafter "Rearick" or "Plaintiff"), is an adult female Pennsylvania citizen residing at 3796 Powells Road, Petersburg, Pa 16669.

2.      Defendant, the Pennsylvania State University (hereinafter "PSU" or "Defendant"), is a Commonwealth funded institution of higher education whose employment actions are at issue in this matter.

3.      Prior counsel, Mr. Bailey, filed a timely Complaint in this matter; however, the Complaint did not list the conduct alleged in the administrative

proceedings or outline the context in which that conduct arose; but instead included inflammatory extraneous matter which Plaintiff had not approved or pled administratively.

4.      Mr. Bailey neglected the case and failed to respond to pending discovery.

5.      Mr. Bailey was the subject of disbarment proceedings at the time of the neglect.

6.      Plaintiff's viable underlying case as plead by her in administrative proceedings (though nominally represented by Mr. Bailey, without his assistance) was effectively orphaned.

7.      Plaintiff was not aware of the outstanding discovery or the pending recommendation of the Master regarding the pending Motion to Dismiss.

8.      While the apparent issues were time critical, there also appeared to be legitimate claims which could and should be asserted by Amended Complaint.

9.      Undersigned agreed to expand the scope of initial services and entered an appearance in this matter without additional fee seeking leave to assess and determine whether a proper Amended Complaint regarding the claims Plaintiff had actually pled in the administrative proceedings could and should be pled.

10.     This Court granted leave to undersigned counsel to file an Amended Complaint, *if any*, on or before May 30, 2014.

11.     Undersigned made an independent review of all available materials and concluded that the Amended Complaint was warranted in fact and law.

12.     Plaintiff reviewed and approved each word of the Amended Complaint and verified all facts contained therein.

13.     An Answer was filed and the case proceeded to the discovery phase.

14.     No fact has been discovered by undersigned to date which would in any way alter undersigned's conclusion that the Amended Complaint was appropriate to be filed and that legitimate causes of action were asserted.

15.     However, the original legal services Memorandum of Understanding signed by Plaintiff did not contemplate services beyond triage review regarding whether and under what terms continuation of the pending action or pursuit of an action against prior counsel would be appropriate.

16.     Because of the exigencies discovered regarding outstanding deadlines and the deficiencies in the representation of prior counsel, undersigned voluntarily provided the continued services on a *pro bono* basis in the interest of justice and to mitigate actual and potential harm caused by prior counsel.

17.     While it was anticipated that the Parties would agree on a legal services agreement as to this case going forward, no agreement has been reached.

18.     Notwithstanding the absence of an agreement, undersigned continued active representation until an unrelated irreconcilable impasse.

19.     Plaintiff and counsel have reached irreconcilable differences as to essential aspects of on-going representation unrelated to the separate fee issue.

20.     Any more detailed explanation would involve disclosure of sensitive privileged communications, unrelated to the merits of the case, which could only be disclosed ethically through an *in camera* process.

21.     Unrelated to any financial aspect of relations with counsel, there exists an irretrievable break down in the attorney client relationship.

22.     Undersigned made multiple efforts to address, allay and resolve any and all reasonable concerns in multiple communications with Plaintiff, without success.

23.     Plaintiff elected to retrieve all files from undersigned's office, and has indicated an intent to secure alternate counsel; but has not secured new counsel as of this date.

24.     The prior motion was denied when undersigned was delayed in making a report regarding Mr. Bailey's non-compliance with the Motion to Compel filed concurrently with the first Motion to Withdraw because a trial in Philadelphia ran several days over its original schedule.

25.     Following Report, and pursuant to discussions in the Status Conference, undersigned agreed to forebear renewing the motion until written discovery responses and document production could be completed and Ms. Rearick could appear for deposition (the impasse issues not being related to the completion of those activities, though they were delayed in completion by conflict related communications).

26.     Undersigned as part of the transition and coordination functions undertook to seek a consensual extension of discovery to permit time for an orderly transition and to make a final attempt at securing a settlement position authorization.

27.     While Plaintiff had disputed whether she received all documents she

believed she had provided, she acknowledges receiving the boxes of original files, and a thumb drive containing all documents produced to counsel for Defendant in discovery (119 file, many collecting related documents, 132 mb) and all pleading, correspondence and client confidential documents from the boxes deemed sufficiently relevant to warrant scanning (206 files, many collecting related documents, 111mb), with both sets being uploaded to password access encrypted Citrix cloud storage with link provided as to documents produced to Defendant to both Mrs. Rearick and Mr. Horne, and as to the general work file to Mrs. Rearick alone, in order to ensure a clear verifiable record of all documents produced and to allow any new counsel immediate access to full, organized electronic records. The records included all available PHRC and prior EEO case files received from Mr. Bailey and/or by separate acquisition.

28.    Undersigned also prepared and provided to Mrs. Rearick Interrogatories and Requests for Documents in the correct form containing all requests which undersign agreed were appropriate; the documents were sent in Word format so that Mrs. Rearick or successor counsel could edit as they deemed fit and add *if desired* any requests which undersigned had not agreed to include.

29.    Written consent to the proposed Scheduling Order was not received until just before Christmas, despite prior repeated requests for commitment for or against from the day of the last Status Conference forward.

30.    Undersigned also agreed to travel to a facilitated meeting in State College regarding settlement recommendations and authorization requests which did not result in resolution, and despite expression of appreciation of past efforts,

also included repetition of comments which engendered the irreconcilable differences and a breakdown in the attorney client relationship in the first place.

31.    At that meeting, withdrawal options were also discussed and Mrs. Rearick indicated she would consent to the withdrawal rather than require a hearing on a contested motion; however, despite repeated assurance and repeated request, she did not confirm this in writing, and has just emailed that she seeks appearance before the Court for the following purpose:

> "I am still asking for a conference with the judge in order to clearly have on the records that I am not able to represent myself *and to ask for a stay until I can get someone willing to represent me*."

32.    Undersigned has repeatedly explained that a "stay" of the type suggested is simply not an available option.

33.    Mrs. Rearick has not indicated at any time that she disagrees with undersigned's assertion that the relationship is irrevocably broken and has not denied that the Memorandum of Understanding expressly limited the agreed scope of services.

34.    No payments have been made or even offered since the original fee for review of the voluminous files under the Memorandum of Understanding.

35.    Since the original withdrawal motion, undersigned has repeatedly and consistently informed Plaintiff that it is her duty to promptly secure successor counsel, and although there have been various indications of imminent successor appearances, none has materialized, and at this juncture undersigned has no basis to believe any will materialize.

36.     Undersigned is without actual authority to proceed, and undersigned believes that withdrawal is ethically required.

37.     Counsel for Defendant had previously indicated that he did not object to this Motion; but expressed concern that it not delay disposition of this matter.

38.     Plaintiff does not object to the Motion per se, but has expressed concern that she be have still additional time to secure new counsel, as stated by her most recently in the terms quoted above.

39.     Undersigned represents that based on review of the file, any delay prior to the appearance of undersigned as counsel appears to have been solely or predominately attributable to prior counsel, rather than Plaintiff.

40.     Undersign also notes that additional delay was occasioned by the fact that the file returned by Mr. Bailey contained a small fraction of the files which Plaintiff recalls providing to Mr. Bailey; that they were a small fraction of the voluminous materials produced by Plaintiff to undersigned; and that the files produced by Mr. Bailey were in fact appear objectively incomplete in relation to the docket and related sources.

41.     Finally, undersigned notes that despite other irreconcilable differences, Plaintiff has participated in an active and timely manner and Plaintiff has in no sense delayed, nor has she been uncooperative in the prosecution of the matter from the time undersigned has been involved, other than as to the failure/inability to secure successor counsel after undersigned concluded withdrawal was ethically required in relation to contents of communications unrelated to the

merits of the case.

**42.    Discovery is currently scheduled to close <u>April 1, 2016</u>.**

43.    Undersigned respectfully submits that the balance of the respective legitimate interests of both Plaintiff and Defendant regarding any request for additional time by Plaintiff is a matter for the s o u n d  discretion of the Court and t h a t  undersigned's participation in such a discussion would not be appropriate ethically.

44.    Undersigned has cooperated in transition with Plaintiff, and will c o n t i n u e  t o  co-operate in transition to a new counsel if one enters an appearance as required by the  applicable ethics rules, with or without payment by Plaintiff.

45.    Undersigned respectfully submits that unless the request to withdraw is *substantively* contested, any desire on the part of Plaintiff for a Stay or an alteration of the current Scheduling Order should be by separate Motion and undersigned should not be required to continue appearance for such a purpose.

**Wherefore**, Undersigned seeks Leave to Withdraw as Counsel.

**Respectfully submitted,**

_____/s/ Andrew W. Barbin_____
Andrew W. Barbin, Esquire
Atty. I.D. #43571
**ANDREW W. BARBIN, P.C.**
5 Kacey Court, Suite 102
Mechanicsburg, PA  17055
(717) 506-4670
Attorney for Plaintiff

DATED:     February 11, 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DEBORAH REARICK, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| PENNSYLVANIA STATE | : | |
| UNIVERSITY, | : | JURY TRIAL DEMANDED |
| Defendant | : | |
| | : | |

### CERTIFICATE OF SERVICE

I, Andrew W. Barbin, Esquire, hereby certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Pennsylvania Rules of Civil Procedure, by depositing a copy of the same in the United States Mail, Mechanicsburg, Pennsylvania, with first-class postage prepaid, by email and via ECF, as follows:

James M. Horne, Esquire           Via Email
Philip K. Miles, III, Esquire       Deborah Rearick
McQuaide Blasko, Inc.             3796 Powells Road,
811 University Drive              Petersburg, Pa 16669
State College, PA  16801

/s/ Andrew W. Barbin
Andrew W. Barbin, Esquire

DATED:      February 11, 2016